IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:  BOSTON SCIENTIFIC CORP.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION             MDL NO. 2326
---------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

### FIRST AMENDED PLAINTIFFS' NOTICE TO TAKE VIDEO DEPOSITION OF DESIGNEE(S) OF BOSTON SCIENTIFIC CORPORATION PURSUANT TO FED. R. CIV. P. 30(b)(6)

TO:   **Defendant Boston Scientific Corporation**, by and through its attorney of record in the above-captioned action, Jon A. Strongman, Shook, Hardy & Bacon, LLP, 2555 Grand Boulevard, Kansas City, Missouri 64108.

Notice is hereby given that Plaintiffs in the above-captioned MDL proceeding will take the deposition and videotaped examination of Defendant Boston Scientific Corporation ("BSC"), pursuant to Federal Rule of Civil Procedure 30(b)(6), on Thursday, September 4, 2014 at 9:00 a.m. Eastern Time, and from day to day thereafter until said deposition is concluded, at Janet, Jenner & Suggs, LLC, 31 St. James Avenue, Suite 365, Boston, Massachusetts, or such other location as may be agreed upon by counsel prior to said date. BSC is hereby advised of its duty pursuant to Fed. R. Civ. P. 30(b)(6), to designate and present at said deposition the person or persons who are most knowledgeable and can testify as to the following subject matters:

1.

Aspects of the manufacturing and testing of the mesh components of BSC Mesh Products (defined below) including the following: products proposal and concept phase activities; products development phase activities; products validation phase activities; materials identification; development of preliminary specifications; knitting technology development; transfer of mesh resin, fibers, and component between raw material suppliers, knitting facilities, and final assembly manufactures; process and results of laser and mechanic cutting of the mesh component; process and results of the cauterization of the mesh component; comparative analyses and testing of mesh prototypes, competitor mesh samples, and final mesh components; product specifications with respect to the mesh component; mesh characteristics and physical properties including but not limited to porosity, density, weight, thickness, tensile strength, fiber diameter, fiber length, stiffness, surface area, burst strength, courses per inch, wales per inch, tear resistance, and suture pull-out strength; biocompatibility testing and *in vivo* tissue response; lightweight mesh specifications; alternative mesh specifications; mechanical testing of mesh component; testing and evaluation of structure of mesh component and comparison to competitor mesh samples; *in vitro* evaluations; *in vivo* evaluations; Fourier Transform Infra-Red (FTIR) analyses process and test results; Scanning Electron Microscope (SEM) analyses process and test results; supplying mesh resin; mesh functional testing; mesh stiffness testing; burst strength testing; elongation testing; American Society of Testing and Materials (ASTM) International standard specifications, standard test methods, and standard practices; animal trials; and clinical trials.

BSC Mesh Products include: (a) Obtryx Transobturator Mid-Urethral Sling

System (both Halo and Curved); (b) Obtryx II (both Halo and Curved);  (c) Lynx Suprapubic Sling; (d) Advantage Mid-Urethral Sling; (e) Advantage Fit Mid-Urethral Sling; (f) Solyx Single Incision Sling; (g) Pinnacle Pelvic Floor Repair Kit Anterior Apical; (h) Pinnacle Pelvic Floor Repair Kit Posterior; (i) Pinnacle Duet Pelvic Floor Repair Kit; (j) Uphold Vaginal Support System: (k) Pinnacle LITE; (l) Uphold LITE; and (m) Prefyx Pre-pubic Sling System.

2.

The specifications required by BSC for the raw polypropylene used by it in the manufacture of BSC Mesh Products.

3.

The business relationship between BSC and Chevron Phillips Chemical, including BSC's ownership interest in Chevron Phillips Chemical.

4.

The business relationship between BSC and Channel Prime Alliance, including BSC's ownership interest in Channel Prime Alliance.

5.

The business relationship between BSC and Luxilon Industries, including BSC's ownership interest in Luxilon Industries.

6.

The business relationship between BSC and Proxy Biomedical, including BSC's ownership interest in Proxy Biomedical.

7.

The business relationship between BSC and Medventure Associates, including BSC's ownership interest in Medventure Associates.

8.

The vendors from which BSC purchased polypropylene for use in BSC Mesh Products.

9.

Any quality control measures taken to prevent polypropylene degradation during the manufacturing process of BSC Mesh Products.

10.

Any testing done, regularly or randomly, to detect degradation of BSC Mesh Products during the manufacturing process.

NOTICE TO PRODUCE

The individual(s) selected to respond to this Notice shall produce to undersigned at least fourteen (14) days before the deposition any and all of the documents, digital or written materials that are responsive to the above-listed designated subjects or were used to prepare the corporate designee. Alternatively, as to any that have been previously produced in this action (other than those used to prepare the corporate designee) the responsive documents may be identified by specific Bates Numbers provided the specific Bates Numbers are furnished to Plaintiffs' counsel 10 working days prior to the date of the deposition.

_____

Dated: July 31, 2014

/s/ Aimee H. Wagstaff
Aimee H. Wagstaff
Colorado Bar No. 36819
Plaintiffs' Lead Counsel and
Member of Plaintiffs' Steering Committee

Andrus Wagstaff, PC
7171 West Alaska Drive
Lakewood, Colorado  80226
aimee.wagstaff@andruswagstaff.com
