IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| IN RE: BOSTON SCIENTIFIC CORP. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL Docket No. 2326 <br><br> The Hon. Joseph R. Goodwin |
| This Document Relates to All Cases | |

## AFFIDAVIT OF CATHY YANNI

STATE OF CALIFORNIA     )
                         ) ss.:
COUNTY OF SAN FRANCISCO  )

CATHY YANNI, being duly sworn, deposes and says:

1. I am an attorney at law licensed to practice law in the state of California. I am in good standing.

2. I was admitted to the California Bar in December 1982. In 1994, I became a Discovery Referee for the San Mateo Superior Court. I left that position in December 1997 to join JAMS in 1998. I have been a full-time neutral with JAMS, San Francisco, from 1998 to the present.

3. I was recognized by the *Daily Journal* as a Top 50 California Neutral in 2003 to 2005 and 2010 to 2012, a Top 40 California Neutral in 2007 and 2008, and a Top 30 California Neutral in 2006. In 2013 I was named a *Daily Journal* Top Master. In 2014 and 2015, I was honored for being a Woman Leader in the Law. I have an "AV Preeminent" rating with Martindale-Hubble.

1

4. Over the past 17 years, I have acted as a Special Master, mediator or arbitrator in over 10,000 matters. I was appointed by the Hon. Joseph R. Goodwin to act as the Special Master for certain private settlement agreements between Covidien and C.R. Bard and certain Plaintiffs' counsel. I was appointed Settlement and Discovery Special Master by The Hon. Dan Polster, Northern District of Ohio, in *Gadolinium Contrast Dyes Product Liability Litigation.* I was appointed Special Master by The Hon. Richard Kramer, Superior Court of California, San Francisco County for the *Gadolinium Contrast Dyes Product Liability Litigation.* I served as Special Master for the *St. Jude Riata Lead Wire Medical Device Litigation.* I also served as Special Master for *Kelly v. Xoft*, and mediated and allocated funds for claims arising out of alleged Tungsten Migration used in breast cancer treatment. I was appointed Special Master by the Hon. Wynne Carvill, Superior Court of California, Alameda County for the *Medtronic Infuse Litigation* to oversee, administrate and allocate and inventory settlement. I was appointed Special Master in the *PPA* Consolidated Cases by The Hon. Anthony Mohr, Superior Court of California, Los Angeles County, for all remaining PPA cases (Phenylpropanolamine, an additive in over the counter diet and cold medications). I was appointed Federal Mediator in *Baycol MDL* by The Hon. Michael J. David, District of Minnesota. I was appointed Settlement Special Master in the *Bextra MDL* to allocate and distribute multi-million dollar settlement proceeds. I was appointed Settlement Special Master in the *Ortho Evra MDL* to design and implement allocation of multi-million dollar settlement proceeds to claimants. I was appointed Settlement Special Master in the *Zicam I and II MDL* for allocation of settlement proceeds. I was appointed Settlement Special Master in the *Zyprexa I and II MDL* by The Hon. Jack Weinstein, Eastern District of New York, to design and implement claims administration process and allocation of a $800 million dollar settlement. Finally, I was appointed Federal Mediator in *Silicon Gel Breast Implant Litigation* by The Hon. Denise Hood, US District Court Eastern District Michigan.

5. I have thoroughly familiarized myself with the issues involved in the case captioned above, as a result of my knowledge of that case, I can attest and affirm that there are

no grounds for disqualification that would prevent me from serving as a Special Master in the above captioned matter. I have reviewed the pleadings, medical information and scientific information pertaining to mesh cases generally and specifically as it relates to the litigation involving Boston Scientific Corp. manufactured products. I will use the information gathered and my experience in performing my duties as Special Master.

CATHY YANNI

Sworn to before me this
24 day of November, 2015

SEE ATTACHED JURAT

NOTARY PUBLIC

3

# JURAT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of __San Francisco__

Subscribed and sworn to (or affirmed) before me on this __24th__ day of __November__, 20__15__ by __Cathy Yanni__,

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
Signature                    (Seal)



K. CLERICI
Commission No. 2120380
NOTARY PUBLIC-CALIFORNIA
SAN FRANCISCO COUNTY
My Comm. Expires AUGUST 19, 2019

---

## OPTIONAL INFORMATION

DESCRIPTION OF THE ATTACHED DOCUMENT

__In Re Boston Scientific Corp__
(Title or description of attached document)

__Affidavit of Cathy Yanni__
(Title or description of attached document continued)

Number of Pages __3__   Document Date __11/24/15__

_____
Additional information

## INSTRUCTIONS

The wording of all Jurats completed in California after January 1, 2015 must be in the form as set forth within this Jurat. There are no exceptions. If a Jurat to be completed does not follow this form, the notary must correct the verbiage by using a jurat stamp containing the correct wording or attaching a separate jurat form such as this one with does contain the proper wording. In addition, the notary must require an oath or affirmation from the document signer regarding the truthfulness of the contents of the document. The document must be signed AFTER the oath or affirmation. If the document was previously signed, it must be re-signed in front of the notary public during the jurat process.

- State and county information must be the state and county where the document signer(s) personally appeared before the notary public.
- Date of notarization must be the date the signer(s) personally appeared which must also be the same date the jurat process is completed.
- Print the name(s) of the document signer(s) who personally appear at the time of notarization.
- Signature of the notary public must match the signature on file with the office of the county clerk.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different jurat form.
  - ❖ Additional information Is not required but could help to ensure this jurat is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
- Securely attach this document to the signed document with a staple.

2015 Version www.NotaryClasses.com 800-873-9865