UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: BOSTON SCIENTIFIC CORP.,   )   MDL Docket No. 2326
PELVIC REPAIR SYSTEMS,            )   HONORABLE JUDGE JOSEPH R.
PRODUCTS LIABILITY LITIGATION     )   GOODWIN

ORDER TO ADMINISTER SETTLEMENTS
RESOLVING CASES AND CLAIMS OF ANDRUS WAGSTAFF, P.C.
PLAINTIFFS

Upon Motion of Andrus Wagstaff P.C. and for good cause shown, the Court hereby Orders as follows:

1. In order to assist in the administration of the settlement of claims brought by the clients of Andrus Wagstaff P.C. ("AW") (which shall include all plaintiffs represented by AW in the settlement agreement executed November 4, 2015, as well as any clients of AW who enter into settlements with defendants in the future), the AW BSC Qualified Settlement Fund shall be established as a Qualified Settlement Fund within the meaning of Treasury Regulation Section 1.468B-1, pursuant to this Court's continuing subject matter jurisdiction over the underlying matter and consistent with Treas. Reg. Section 1.468B-1(c)(1). All settlements reached by and between Plaintiffs in state or federal litigation or Claimants who are represented by AW and Defendants pursuant to the Master Settlement Agreement dated as of November 4, 2015, shall be paid into the AW BSC Qualified Settlement Fund. The Defendants shall have no liability with regard to the conduct of the Fund Administrator or to the AW BSC Qualified Settlement Fund itself. The Defendants' liability to the Claimants and Plaintiffs shall terminate with payments into the AW BSC Qualified Settlement Fund.

2.      ARX Management, LLC is appointed as Fund Administrator and Trustee shall serve pursuant to the terms, conditions and restrictions of the Motion to Establish Qualified Settlement Fund and Appoint Fund Administrator, and said Fund Administrator is given the authority to conduct any and all activities necessary to administer this Fund as described in the Motion.

3.      The AW BSC Qualified Settlement Fund, which includes all principal and interest earned thereon, shall be deposited in an account held in custody at U.S. Bank National Association, a national banking association doing business in Minneapolis, MN ("U.S. Bank"), in the name of the QSF Administrator, as trustee of the fund and invested by the QSF Administrator in instruments/securities comprised of (i) United States Agency or Treasury issued securities or obligations (or a mutual fund invested solely in such instruments); (ii) cash equivalent securities including commercial paper or short term notes with a minimum rating of A-1/P-1/AA, SEC registered money market funds and collateralized money market accounts; (iii) interest bearing and non-interest bearing corporate accounts with domestic banks, including the Custodian, which may be held in the custody account or at the issuer bank, subject to maximum Federal Depository Insurance Corporation guarantees; and/or (iv) certificates of deposit subject to maximum Federal Depository Insurance Corporation guarantees which may be held in the custody account or at the issuer bank, either individually or through use of the Certificate of Deposit Account Registry Service ("CDAR") pursuant to a CDARS Deposit Placement Agreement or the Insured Cash Sweep ( ICS) pursuant to the Deposit Placement Agreement with the custody bank.  The Administrator shall be responsible for any and all investment related decisions pursuant to these terms and conditions, such that the following

investment policy is implemented: (i) safety of principal; and (ii) zero bank balance sheet exposure. Any investment losses realized by investment of Custodied Funds or any portion thereof shall be charged to the Custodied Funds. To the extent the funds are invested in the manner provided for in this Order, the Fund Administrator shall not be liable for any loss(es) which may be incurred by reason of any such investment (or reinvestment). The funds shall be held in a custody account at U.S. Bank. The QSF Administrator shall have the power to hire U.S. Bank as custodian and enter into a custody agreement with U.S. Bank on behalf of the fund. The QSF Administrator shall be responsible for any and all investment related decisions, providing instructions to U.S. Bank and/or its investment advisor pursuant to these terms and conditions, such that a principal preservation driven investment policy is implemented. Notwithstanding the foregoing, U.S. Bank shall not be allowed to distribute any income or principal from the Fund except (i) in the course of the purchase of sale of assets in the custody account, as directed, (ii) upon instructions of the QSF Administrator, or, (iii) if requested, upon the order of this Court upon the joint motion of the parties. It is hereby understood that (i) the custody account is not a trust account, U.S. Bank will be the account's custodian (not trustee), and U.S. Bank is not administering the custody account in a "fiduciary capacity" within the meaning of 12 C.F.R. Section 9.2(e), notwithstanding any provision herein to the contrary; and (ii) a custody relationship is a contractual arrangement, and U.S. Bank's duties are strictly limited to those duties expressly set forth in the custody agreement governing the custody account. The QSF Administrator retains the right to remove U.S. Bank, with or without cause, in its sole and absolute discretion. The QSF Administrator may designate a replacement bank upon the written consent of Claimants' Counsel. In the event of such replacement, the terms and conditions of this

paragraph, including without limitation, those addressing distributions from the Fund, shall apply to any such replacement bank.

4.  The Fund Administrator is authorized to effect qualified assignments of any resulting structured settlement liability within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee.

5.  The Fund Administrator shall be authorized to distribute all attorneys' fees and litigation expenses to counsel for Plaintiffs, consistent with existing contingency fee contracts.

6.  The Fund Administrator is authorized, upon final distribution of all monies paid into the Fund, to take appropriate steps to wind down the fund, and thereafter the Fund Administrator is discharged from any further responsibility with respect to the Fund.

**IT IS SO ORDERED**

DATED: _____

                                            Honorable Judge Joseph R. Goodwin
                                            United Stated District Court Judge