IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: BOSTON SCIENTIFIC CORP.
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                              MDL No. 2326

------------------------------------------------------
THIS DOCUMENT RELATES TO CASES IDENTIFIED IN
PLAINTIFFS' MOTION TO TRANSFER [ECF No. 1321]

ORDER

Pending before the court is the Motion to Transfer [ECF No. 1321] filed by certain plaintiffs represented by Kline & Specter P.C.[1] The defendant—Boston Scientific Corp.—filed its Response [ECF No. 1341] on March 4, 2016, and the plaintiffs did not file a timely reply, making the Motion ripe for adjudication.

In short, the court **DENIES** the Motion as premature. Neither pretrial motion practice nor discovery are complete in these cases; because pretrial proceedings remain underway, none of these cases are ready for remand. Remanding these cases at this time would run contrary to the purpose of multidistrict litigation. *See* Barbara J. Rothstein & Catherine R. Borden, Fed. Judicial Ctr., Managing Multidistrict Litigation in Products Liability Cases 3 (2011) ("[The transferee judge's] ultimate responsibility is to resolve pretrial issues in a timely and expeditious manner. The

---

[1] The plaintiffs moving for transfer are listed in the Motion. Mot. 5–12. These 351 cases represent a mere fraction of the open cases in this MDL alone—currently numbering more than 19,000 cases—and an even smaller fraction of the open cases in the seven MDLs concerning the use of transvaginal surgical mesh—currently numbering more than 70,000 cases. These cases are no different than the other cases in this MDL.

transferee judge supervises discovery; resolves important evidentiary disputes, class certification issues, and dispositive motions; and establishes procedures that will aid the parties in settlement negotiations."). So the court will not transfer these cases until pretrial proceedings are complete. *See* PTO No. 12, at 3–4.

The plaintiffs claim transfer is proper because some pretrial proceedings in these cases are complete. Mot. 2 ("Generic fact discovery has been substantially completed . . . ."); *see also* Mem. Supp. Mot. 3 [ECF No. 1322] ("Pretrial proceedings are substantially complete."). But the conclusion of a portion of pretrial proceedings is not the conclusion of all pretrial proceedings. Thus, the plaintiffs' request for transfer is premature. Accordingly, the court **DENIES** the Motion to Transfer [ECF No. 1321].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 23, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE