# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

| | |
|---|---|
| IN RE: BOSTON SCIENTIFIC CORP. ) <br> PELVIC REPAIR SYSTEM PRODUCTS ) <br> LIABILITY LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO: ALL CASES ) <br> ) | MDL NO. 2326 |

### UNOPPOSED MOTION FOR APPROVAL OF QUALIFIED SETTLEMENT FUND

Levin Simes LLP ("Levin Simes"), as counsel for certain plaintiffs in this MDL 2326, hereby moves the Court for entry of an Order to aid in the efficient processing and administration of a Confidential Master Settlement Agreement (the "Settlement Agreement") between Defendant Boston Scientific Corporation and certain related entities (collectively, "BSC") and Levin Simes to resolve the claims of certain claimants against BSC relating to BSC Pelvic Products (as defined in the Settlement Agreement).[1] BSC does not oppose the motion. In support of its Motion, Levin Simes states as follows:

1. This Motion seeks an Order (i) approving the establishment of The Levin Simes-BSC Qualified Settlement Fund (the "Fund"); (ii) appointing an administrator of the Fund; (iii) retaining continuing jurisdiction and supervision over the Fund, and (iv) determining that the Fund, including any subaccounts thereof ("Accounts"), together constitute a single "qualified

---

[1] The Settlement Agreement is not being filed with the Court because it contains confidential terms. Disclosure of such confidential information concerning the terms of the settlement would not be consistent with this Court's stated goal of achieving a resolution of claims in this MDL through confidential negotiation and settlement.

settlement fund" within the meaning of section 468B of the Internal Revenue Code of 1986, as amended ("Code") and Treasury Regulation sections 1.468B-1, *et. seq*. ("Regulations").

2. In accordance with the Settlement Agreement, BSC will pay the settlement consideration to the Fund. That payment, and the earnings thereon, will be held by the Fund until disbursed in accordance with the terms of the settlement agreement for payments to the Plaintiffs or their designees, to attorneys for fees and costs, to lienholders, to governmental entities having an interest in the settlement proceeds, to the Special Master to be appointed at a later time, to the Fund Administrator, and to federal and state taxing authorities for tax liabilities of the Fund. The settlement consideration, and the earnings thereon, shall remain subject to the jurisdiction of the Court until termination of The Levin Simes-BSC Qualified Settlement Fund.

3. The Fund shall be a Qualified Settlement Fund within the meaning of section 468B of the Internal Revenue Code of 1986, as amended and Treasury Regulation sections 1.468B-1 *et seq*., and shall be administered in accordance with the requirements of those Treasury regulations. The Fund will qualify as a "qualified settlement fund" under section 468B of the Code and sections 1.468B-1, *et seq*. of the Regulations, because: (1) the Fund is being established subject to approval of the Court; (2) the Fund will be subject to the continuing jurisdiction and supervision of the Court; (3) the Fund is being established to resolve or satisfy claims of alleged tort or violation of law arising out of implantation, use and/or removal or revision, in whole or in part, of one or more BSC Pelvic Products; and (4) the Fund assets will be segregated from the general assets of BSC and deposited therein.

4. The allocation of the aggregate settlement amount among Plaintiffs, which will be undertaken by a Special Master, and to any entities asserting a claim for subrogation or reimbursement, has yet to occur. It is in the best interest of all parties for the Court to approve

the establishment of the Fund as a vehicle to hold the funds to be used to resolve or satisfy these claims upon the final allocation of the settlement funds. The establishment of the Fund as a "qualified settlement fund" under the Code and Regulations, subject to the Court's continuing jurisdiction, is vital to the satisfaction of these objectives of the Parties' settlement.  Section 1.468B-1(c)(1) of the Regulations expressly requires that a qualified settlement fund be "established pursuant to an order of, or is approved by, the United States, any state (including the District of Columbia) territory, possession, or political subdivision thereof, or any agency or instrumentality (including a court of law) . . . and is subject to the continuing jurisdiction of that governmental authority." No distributions shall be made from The Levin Simes-BSC Qualified Settlement Fund except as permitted by the terms of the Qualified Settlement Fund Agreement between Levin Simes, BSC, and the Fund Administrator and pursuant to the terms of the Settlement Agreement.

5. In accordance with the Settlement Agreement, BSC will pay the settlement consideration to the Fund. Such payments and the earnings thereon (collectively, the "Trust Estate") will be held by the Fund until disbursed by the Fund Administrator in accordance with the terms of the Settlement Agreement.

6. Levin Simes requests that no bond be required and further requests approval that the Trust Estate be held by Amegy Bank, a division of ZB, N.A., a federally insured depository institution which has been selected by Levin Simes, with the consent of BSC, to serve as custodian of the Trust Estate (the "Custodian"). In accordance with instructions provided by the Fund Administrator, the Custodian shall invest the Trust Estate in: (a) United States Agency or Treasury issued securities or obligations (or a mutual fund invested solely in such instruments); (b) cash equivalent securities including commercial paper or short term notes with a minimum

rating of A-1/P-1/AA, SEC registered money market funds and collateralized money market accounts; and/or (c) interest bearing and/or non-interest-bearing accounts with domestic banks solely for the short-term purpose of clearing checks and wires upon disbursement, with the condition that funds are only held in this manner for distribution of client funds and all remaining funds not being deemed ready for disbursement held off the bank balance sheet; (d) Insured Cash Sweep (ICS) pursuant to the Deposit Placement Agreement with the Depository bank, subject to maximum Federal Depository Insurance Corporation guarantees; and/or (e) certificates of deposit subject to maximum Federal Depository Insurance Corporation guarantees, either individually or through the use of the Certificate of Deposit Account Registry Service ("CDARS") pursuant to a CDARS Deposit Placement Agreement with the Depository Bank. The fundamental goal of the Fund Administrator is to preserve the Trust Estate, reduce investment costs and fees, and earn a reasonable but safe return on investment of the Trust Estate.

7. Levin Simes requests that Scott Freeman of The Settlement Alliance, LLC, with a business address of: 5847 San Felipe, Suite 4550, Houston, Texas 77057, be appointed as the Qualified Settlement Fund Administrator (the "Fund Administrator") to administer the Fund (as a "qualified settlement fund") within the meaning of section 1.468B-2(k)(3) of the Regulations.

8. The Custodian shall cause to be prepared and delivered Fund Statements ("Statements") on a monthly and annual basis to interested parties, including Levin Simes, BSC, and the Fund Administrator. The Statements shall include, without limitation, a statement of receipts, investment earnings, and disbursements. The Custodian shall provide the monthly Statements as soon as available, but in no event later than ten (10) business days following the end of the month to which those statements relate. The Custodian shall provide the annual Statements as soon as available, but in no event later than forty-five (45) days following the end

of each calendar year.

## CONCLUSION

For the reasons stated above, Levin Simes respectfully requests that the Court approve establishment of the Fund as a qualified settlement fund, and enter an Order in the form submitted herewith.

This 8th day of February, 2017.

                                              Respectfully submitted,

                                              By: /s/ Amy Eskin
                                                  Amy Eskin, Esq.
                                                  Levin Simes LLP
                                                  44 Montgomery St, Floor 32
                                                  San Francisco, CA 94104
                                                  (415) 426-3126
                                                  (415) 426-3001 Fax
                                                  aeskin@levinsimes.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

By: /s/ Amy Eskin
    Amy Eskin, Esq.
    Levin Simes LLP
    44 Montgomery St, Floor 32
    San Francisco, CA 94104
    (415) 426-3126
    (415) 426-3001 Fax
    aeskin@levinsimes.com