# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE: BOSTON SCIENTIFIC CORP.  PELVIC | ) | |
| REPAIR SYSTEM PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | |
| | ) | **MDL NO. 2326** |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | |

## UNOPPOSED MOTION FOR APPROVAL OF QUALIFIED SETTLEMENT FUND

Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. ("Levin Papantonio"), as counsel for certain plaintiffs in this MDL 2326, hereby moves the Court for entry of an Order to aid in the efficient processing and administration of a Confidential Settlement Agreement (the "Settlement Agreement") between Defendant Boston Scientific Corporation ("BSC") and Levin Papantonio to resolve the claims of certain claimants against BSC relating to BSC Pelvic Mesh Products (as defined in the Settlement Agreement).[1]   BSC does not oppose the motion. In support of its Motion, Levin Papantonio states as follows:

1.     This Motion seeks an Order (i) approving the establishment of The LEVIN PAPANTONIO-BSC Qualified Settlement Fund (the "Fund");  (ii) appointing the Escrow Agent of the Fund who shall also serve as fund "administrator" for purposes of Treasury Regulations; (iii) retaining continuing jurisdiction and supervision over the Fund, and (iv) determining that the Fund, including any subaccounts thereof ("Accounts"), together constitute a single "qualified

---

[1] The Settlement Agreement is not being filed with the Court because it contains confidential terms.

settlement fund" within the meaning of section 468B of the Internal Revenue Code of 1986, as amended ("Code") and Treasury Regulation sections 1.468B-1, *et. seq*. ("Regulations").

2.      In accordance with the confidential Master Settlement Agreement, BSC will pay the settlement consideration to the LEVIN PAPANTONIO-BSC Qualified Settlement Fund. That payment, and the earnings thereon (collectively the "Trust Estate"), will be held by the Fund until disbursed in accordance with the terms of the Settlement Agreement for payments to the Plaintiffs or their designees, to attorneys for fees and costs, to the lien resolution representative and/or lienholders, to governmental entities having an interest in the settlement proceeds, to the Special Master, and to federal and state taxing authorities for tax liabilities of the Fund.  The settlement consideration, and the earnings thereon, shall remain subject to the jurisdiction of the Court until termination of the LEVIN PAPANTONIO-BSC Qualified Settlement Fund.

3.      The LEVIN PAPANTONIO-BSC Qualified Settlement Fund shall be a Qualified Settlement Fund within the meaning of section 468B of the Internal Revenue Code of 1986, as amended and Treasury Regulation sections 1.468B-1 *et seq*., and shall be administered in accordance with the requirements of those Treasury regulations.  The Fund will qualify as a "qualified settlement fund" under section 468B of the Code and sections 1.468B-1, *et seq*. of the Regulations, because: (1) the Fund is being established subject to approval of the Court; (2) the Fund will be subject to the continuing jurisdiction and supervision of the Court; (3) the Fund is being established to resolve or satisfy claims of alleged tort or violation of law arising out of implantation, use and/or removal or revision, in whole or in part, of one or more BSC Pelvic Mesh Products; and (4) the Fund assets will be segregated from the general assets of BSC and deposited therein.

4.     The allocation of the aggregate settlement amount among Plaintiffs, which will be undertaken with the assistance of the Special Master, and to any entities asserting a claim for subrogation or reimbursement, has yet to occur.  It is in the best interest of all parties for the Court to approve the establishment of the Fund as a vehicle to hold the funds to be used to resolve or satisfy these claims upon the final allocation of the settlement funds.   The establishment of the Fund as a "qualified settlement fund" under the Code and Regulations, subject to the Court's continuing jurisdiction, is vital to the satisfaction of these objectives of the Parties' settlement.  Section 1.468B-1(c)(1) of the Regulations expressly requires that a qualified settlement fund be "established pursuant to an order of, or is approved by, the United States, any state (including the District of Columbia) territory, possession, or political subdivision thereof, or any agency or instrumentality (including a court of law) . . . and is subject to the continuing jurisdiction of that governmental authority."

5.     No distributions shall be made from the LEVIN PAPANTONIO-BSC Qualified Settlement Fund except as permitted by the terms of the escrow agreement between Plaintiffs' Counsel, BSC,  and the Escrow Agent (the "Escrow Agreement") and pursuant to the terms of the Parties' Master Settlement Agreement.

6.     Plaintiffs' Counsel request that no bond be required and  further request approval that the Fund be held by the Escrow Agent, Wells Fargo National Bank, a federally insured depository institution which has been selected by Plaintiffs' Counsel, with the consent of BSC, to serve as Escrow Agent and custodian of the Fund (the "Escrow Agent").   The Escrow Agent shall hold the Fund in one or more demand deposit accounts and shall invest and reinvest the Fund and the proceeds thereof in an interest bearing deposit demand account(s) which has rates of compensation that may vary from time to time as determined by the Escrow Agent.  The

Escrow Agent will preserve the Trust Estate, reduce investment costs and fees, and earn a reasonable but safe return on investment of the Trust Estate.

7.    The Escrow Agent shall further serve as the Qualified Settlement Fund Administrator (the "Fund Administrator") to administer the Fund (as a "qualified settlement fund") within the meaning of section 1.468B-2(k)(3) of the Regulations.

8.    The Escrow Agent shall cause to be prepared and delivered Fund Statements ("Statements") on a monthly and annual basis to interested parties, including counsel for the Plaintiffs and Defendants.  The Statements shall include, without limitation, a statement of receipts, investment earnings, and disbursements.  The Escrow Agent shall provide the monthly Statements as soon as available, but in no event later than ten (10) business days following the end of the month to which those statements relate.  The Custodian shall provide the annual Statements as soon as available, but in no event later than forty-five (45) days following the end of each calendar year.

<u>CONCLUSION</u>

For the reasons stated above, Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. respectfully requests that the Court approve establishment of the Fund as a qualified settlement fund, and enter an Order in the form submitted herewith.

This 7th day of June, 2017.

Respectfully submitted,

/s/Robert E. Price_____
Robert E. Price
rprice@levinlaw.com
Levin, Papantonio, Thomas, Mitchell,
Rafferty & Proctor, P.A.
316 South Baylen Street, Suite 400
Pensacola, FL 32502

Tel:     850-435-7076
Fax:    850-436-6076
Counsel for the Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2017, I electronically filed the foregoing document with

the Clerk of the Court using the CM/ECF system which will send notification of such filing to

the CM/ECF participants registered to receive service in this MDL.

*By*:
/s/Robert E. Price_____
Robert E. Price
rprice@levinlaw.com
Levin, Papantonio, Thomas, Mitchell, Rafferty &
Proctor, P.A.
316 South Baylen Street, Suite 400
Pensacola, FL 32502
Tel:   850-435-7076
Fax:   850-436-6076
Counsel for Plaintiffs