UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: BOSTON SCIENTIFIC CORP.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION          MDL No. 2326
_____

THIS DOCUMENT RELATES TO THE FOLLOWING CASES:

ADAMS, Ida vs. BOSTON SCIENTIFIC CORP., 17-cv-02588
ALLEN, Kimberly vs. BOSTON SCIENTIFIC CORP., 17-cv-01837
ALLEX, Dominique vs. BOSTON SCIENTIFIC CORP., 17-cv-02443
ALVARADO, Perla vs. BOSTON SCIENTIFIC CORP., 17-cv-02243
ATWOOD, Jennifer vs. BOSTON SCIENTIFIC CORP., 17-cv-02202
BABCOCK, Christine vs. BOSTON SCIENTIFIC CORP., 17-cv-00701
BARNETT, Cheryl vs. BOSTON SCIENTIFIC CORP., 17-cv-02589
BENSON, Angela vs. BOSTON SCIENTIFIC CORP., 17-cv-01996
BLACK, Roberta vs. BOSTON SCIENTIFIC CORP., 17-cv-02730
BLALOCK, Laceta vs. BOSTON SCIENTIFIC CORP., 17-cv-02446
BROWN, Tracy vs. BOSTON SCIENTIFIC CORP., 17-cv-01243
BUSBY, Amy vs. BOSTON SCIENTIFIC CORP., 17-cv-02111
BUTTKE, Louise vs. BOSTON SCIENTIFIC CORP., 17-cv-02638
CASALE, Claire vs. BOSTON SCIENTIFIC CORP., 17-cv-02447
CHILDRESS, Carolyn, vs. BOSTON SCIENTIFIC CORP., 17-cv-02590
CLARK, June vs. BOSTON SCIENTIFIC CORP., 17-cv-02448
CLARK, Sandra vs. BOSTON SCIENTIFIC CORP., 17-cv-02110
COLE, Bonnie vs. BOSTON SCIENTIFIC CORP., 17-cv-02449
CONLEY, Jaime vs. BOSTON SCIENTIFIC CORP., 17-cv-01940
CUTLIP, Lisa G. vs. BOSTON SCIENTIFIC CORP., 17-cv-02505
DANIELL, Edwina vs. BOSTON SCIENTIFIC CORP., 17-cv-02486
DEMBSKI, Linda vs. BOSTON SCIENTIFIC CORP., 17-cv-01074
DICKESON, Penny vs. BOSTON SCIENTIFIC CORP., 17-cv-02592
DUNFORD, Glenda and Delbert Dunford vs. BOSTON SCIENTIFIC CORP., 17-cv-01979
EVANS, Bonnie vs. BOSTON SCIENTIFIC CORP., 17-cv-01242
FASO, Susan and Carmen Faso vs. BOSTON SCIENTIFIC CORP., 17-cv-01862
GOTTFREID, Debra vs. BOSTON SCIENTIFIC CORP., 17-cv-02646
GRIGG, Teresa R. vs. BOSTON SCIENTIFIC CORP., 17-cv-00294
HARDWICK, Zena vs. BOSTON SCIENTIFIC CORP., 17-cv-01977
HARRISON-HOOD, Amy vs. BOSTON SCIENTIFIC CORP., 17-cv-02641
HAUFF, Anita Lynne and Frederick J. Hauff vs. BOSTON SCIENTIFIC CORP., 17-cv-01900
HENJUM, Linda vs. BOSTON SCIENTIFIC CORP., 17-cv-02734
JETER, Marsha Sue vs. BOSTON SCIENTIFIC CORP., 17-cv-02508
LONG, Shelia vs. BOSTON SCIENTIFIC CORP., 17-cv-00047
LOPEZ, Deann vs. BOSTON SCIENTIFIC CORP., 17-cv-01155
LOWRIE, Tracy vs. BOSTON SCIENTIFIC CORP., 17-cv-01959
MAHNKE, Dana vs. BOSTON SCIENTIFIC CORP., 17-cv-00568

MALLORY, Sandra vs. BOSTON SCIENTIFIC CORP., 17-cv-02459
MARTIN, Delores Jackson vs. BOSTON SCIENTIFIC CORP., 17-cv-02738
MARTIN, Joyce vs. BOSTON SCIENTIFIC CORP., 17-cv-02461
MARTINEZ, Dolores vs. BOSTON SCIENTIFIC CORP., 17-cv-02739
MASTERSON, Mary vs. BOSTON SCIENTIFIC CORP., 17-cv-02417
MCFOLLING, Marlene vs. BOSTON SCIENTIFIC CORP., 17-cv-02596
MCSWEEN, Belinda vs. BOSTON SCIENTIFIC CORP., 17-cv-02462
MELROSE, Mary vs. BOSTON SCIENTIFIC CORP., 17-cv-02467
MORALES, Geraldine vs. BOSTON SCIENTIFIC CORP., 17-cv-02742
MORGAN, Flora vs. BOSTON SCIENTIFIC CORP., 17-cv-02597
MURRAY, Beverly Ingrid Pamensky vs. BOSTON SCIENTIFIC CORP., 17-cv-02093
NOTESTINE, Rhea vs. BOSTON SCIENTIFIC CORP., 17-cv-00534
PALMER, Donna vs. BOSTON SCIENTIFIC CORP., 17-cv-02416
PIERSON, Sherry and David Pierson, Jr. vs. BOSTON SCIENTIFIC CORP., 17-cv-02633
PORTER, Annie vs. BOSTON SCIENTIFIC CORP., 17-cv-02470
POUNCY, Angel vs. BOSTON SCIENTIFIC CORP., 17-cv-02477
PRICE, Armentha vs. BOSTON SCIENTIFIC CORP., 17-cv-01939
REID, Nancy vs. BOSTON SCIENTIFIC CORP., 17-cv-02598
REYES, Lori vs. BOSTON SCIENTIFIC CORP., 17-cv-02599
RINALDI, Ellen vs. BOSTON SCIENTIFIC CORP., 17-cv-02600
ROSS, Debora vs. BOSTON SCIENTIFIC CORP., 17-cv-02107
SCHRODER, Annette vs. BOSTON SCIENTIFIC CORP., 17-cv-01938
SHAW, Andra vs. BOSTON SCIENTIFIC CORP., 17-cv-02745
SHEPARD, Anne Marie vs. BOSTON SCIENTIFIC CORP., 17-cv-02481
SHIFLET, Brenda vs. BOSTON SCIENTIFIC CORP., 17-cv-01845
SMITH, Judy vs. BOSTON SCIENTIFIC CORP., 17-cv-02483
SOLOMON, Pamela vs. BOSTON SCIENTIFIC CORP., 17-cv-02551
SPEED, Margaret vs. BOSTON SCIENTIFIC CORP., 17-cv-02244
SPENCER, Yvonne vs. BOSTON SCIENTIFIC CORP., 17-cv-02553
STAPF, Bonnie vs. BOSTON SCIENTIFIC CORP., 17-cv-02787
SUSTAITA, Stella vs. BOSTON SCIENTIFIC CORP., 17-cv-00528
SUTLIFF, Amanda vs. BOSTON SCIENTIFIC CORP., 17-cv-00536
TIGNER, Tammy vs. BOSTON SCIENTIFIC CORP., 17-cv-01241
WALLACE, Margaret vs. BOSTON SCIENTIFIC CORP., 17-cv-02450
WELSH, Pamela vs. BOSTON SCIENTIFIC CORP., 17-cv-02568
WILSON, Gwendolyn vs. BOSTON SCIENTIFIC CORP., 17-cv-02106
WITTENBORN, Evelyn vs. BOSTON SCIENTIFIC CORP., 17-cv-02571
ZEITER, Mary vs. BOSTON SCIENTIFIC CORP., 17-cv-01098

_____

**RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF
<u>STEVEN R. LITTLE, Ph.D.</u>**

Defendant Boston Scientific Corporation ("Boston Scientific") submits the following Response in Opposition to Plaintiffs' Motion and Memorandum of Law in Support of Their Motion to Exclude the Opinions and Testimony of Steven R. Little, Ph.D. ("Mtn. to Exclude Dr. Little ").[1] Boston Scientific respectfully shows the Court as follows:

**INTRODUCTION**

Plaintiffs' Motion to Exclude Dr. Little fails to present any valid reason to exclude Dr. Little, instead it outlines points for cross-examination while misstating the record. Dr. Little is a chemical engineer with a Ph.D. from the Massachusetts Institute of Technology and expert in polymers and biomaterials.[2] He is the Chairman of the Department of Chemical Engineering and an Endowed Professor of Chemical Engineering, Bioengineering, Pharmaceutical Sciences, Immunology, Opthamology and the McGowan Institute for Regenerative Medicine at the University of Pittsburgh. He is the Director of the Controlled Release and Biomimetic Research Laboratories overseeing millions of dollars in research and over twenty researchers. He has been recognized and received awards from the leading biomaterials societies and been published over 70 times in peer-reviewed publications on the subject of biomaterials. Plaintiffs admit that Dr. Little has "experience in the field of biomaterials including polypropylene." Motion at 3.

In support of their Motion to Exclude Dr. Little, Plaintiffs assert the following arguments: (1) Dr. Little's opinions regarding oxidative degradation lack a reliable basis because he has not examined mesh and (2) Dr. Little should be precluded from offering "state of mind and intent" opinions regarding the Chevron Phillips' Medical Application Caution contained within the

---

[1] A true and accurate copy of Dr. Little's expert report is attached as Exhibit A.
[2] A true and accurate copy of Dr. Little's CV is attached as Exhibit B.

3

Marlex HGX-030-01 Material Safety Data Sheet ("MSDS"). These arguments fail for several reasons.

First, Dr. Little bases his opinions on the oxidative degradation of polypropylene on his education, training, experience, and review of the relevant scientific and medical literature. This forms a reliable scientific basis for his opinions. Second, Dr. Little will not opine regarding the state of mind or intent of Chevron Phillips. But he is qualified to testify regarding his experience with MSDS and the scientific validity of a statement regarding the use of polypropylene in the human body.

Boston Scientific respectfully requests that this Court deny Plaintiffs' Motion to Exclude Dr. Little's Opinions and Testimony. The opinions Dr. Little offers in these cases are within his knowledge, skill, experience, training, and education; are based on sufficient facts and data; are derived from reliable scientific principles and methods; and will be helpful to the jury. Fed. R. Evid. 702.

## ARGUMENT

### I. Dr. Little's Oxidative Degradation Opinions Have a Reliable Scientific Basis.

The lynchpin of Plaintiffs' argument is that Dr. Little has not tested explanted mesh for oxidative degradation. This Court has previously allowed biomaterials experts to testify based on their education, experience, training, and review of the pertinent scientific literature. Indeed, Plaintiffs' own expert is permitted to testify regarding oxidative degradation based on his experience and review of the scientific literature, despite his testing being excluded as unreliable. *See Tyree v. Boston Sci. Corp.*, 54 F. Supp. 3d 501, 538 (S.D.W. Va. 2014), as amended (Oct. 29, 2014) (finding that Plaintiffs' expert Dr. Jimmy Mays was permitted to testify regarding oxidative degradation based on his knowledge, experience, and review of scientific literature). Simply, Dr. Little's opinions have a reliable basis without him conducting stand-alone testing.

Here, Dr. Little's report contains a lengthy review of the scientific literature, including of articles that conclude oxidative degradation occurs *in vivo*. *See* Exh. A at 6-13. In addition, Dr. Little's report contains over twenty footnotes to numerous pieces of literature that he considered and an additional two and a half-page reliance list of scientific literature he considered in forming his opinions. Plaintiff's contention that "Dr. Little fialed to meaningfully consider the extensive body of literature in which degradation was identified by other researchers' testing and studies" is meritless on its face. Motion at 6. Indeed, Plaintiffs can only point to articles that Dr. Little not only considered but actually discussed specifically in his report. *See* Exh. A at 8-9 (discussing the scientific articles by *Mary* and *Clave*). As evidenced by Dr. Little's deposition, attached as Exhibit 2 to Plaintiffs' Motion, he extensively considered these studies. The fact that he considered the raw data and scientific results and formed his own conclusions shows that he meaningfully analyzed the studies in reaching his opinions. Plaintiffs can cross-examine Dr. Little regarding his interpretation of the data and any disagreements with the authors' statements or conclusions. Much like they did at deposition. Plaintiffs' true contention is not that Dr. Little did not analyze the scientific literature on degradation, but that he had analyzed the details of the data and had reached his own conclusions.

Dr. Little looked for evidence of degradation in the scientific literature and reached his opinions in his report after an intensive review of the literature, including the underlying scientific data for each study. To describe him as willfully blind ignores the hours of his deposition where he discussed the scientific literature in detail with Plaintiffs' counsel. *See, e.g.,* Dep. at 80:19-83:5; 110:7-158:16; 205:2-211:20. His report delves into his review of the scientific literature and his background and experience with degradable and non-degradable biomaterials. It is this comprehensive review that led him to his ultimate opinions. Not an argument in a deposition of

what one picture in one study did or did not show. Combined with his education, training, and decades of experience with biomaterials, including degradable biomaterials, there is a reliable scientific basis for his opinions. Plaintiffs' motion should be denied.

## II. Dr. Little Offers No Opinions on Chevron Phillips' State of Mind or Intent Related to the MSDS.

Contrary to Plaintiffs' Motion, Dr. Little is not offering opinions regarding Chevron Phillips' state of mind or intent regarding the Medical Application Caution. This Court has limited expert's testimony on the MSDS only as it relates to "Chevron Phillips' state of mind or intent associated with the MSDS . . . ." *Tyree v. Boston Scientific Corp.*, No. 2:12-cv-08633, 2014 WL 5320566, at *105 (S.D. W. Va. Oct. 17, 2014) (Goodwin, J.). Plaintiffs' attempt to exclude Dr. Little's opinions is misguided. A core purpose of expert testimony is to provide scientific and technical knowledge, including addressing the scientific validity of certain principles and theories, to assist the jury. Fed. R. Evid. 702 ("A witness who is qualified as an expert…may testify in the form of an opinion or otherwise if…the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"). It is wholly within the realm of expert testimony in these cases to address whether there is scientific evidence that polypropylene should or should not be permanently implanted in the human body. Indeed, it is the center of Plaintiffs' case. If there is scientifically valid information that supports the substance of the Medical Application Caution, Plaintiffs are free to cross-examine Dr. Little with that information at trial. Moreover, Dr. Little's experience with MSDS is a proper subject of expert testimony to explain to the jury what an MSDS is and what information it contains.

## **CONCLUSION**

For all of the foregoing reasons, the Court should deny Plaintiffs' Motion to Exclude the Opinions and Testimony of Dr. Steven Little in its entirety. The opinions Dr. Little offers in these

cases are in harmony with the Court's prior Orders; are within the scope of his expertise; and are the product of a reliable scientific methodology.

Dated: February 1, 2018

Respectfully Submitted

By: /s/ *Eric M. Anielak*
Eric M. Anielak
Jon A. Strongman, Esq.
SHOOK, HARDY & BACON L.L.P
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816.474.6550
Facsimile: 816.421.5547
eanielak@shb.com
jstrongman@shb.com
*Counsel for Defendant Boston Scientific Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this matter.

*/s/ Eric Anielak*
**COUNSEL FOR DEFENDANT BOSTON SCIENTIFIC CORPORATION**