IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: BOSTON SCIENTIFIC CORP. ]
PELVIC REPAIR SYSTEMS ]
PRODUCTS LIABILITY LITIGATION ] MDL NO. 2326
                                                               ]
_____ ]

**UNOPPOSED MOTION FOR APPROVAL OF QUALIFIED SETTLEMENT FUND**

The Law Offices of A. Craig Eiland, PC ("Eiland"), as counsel for certain plaintiffs in this MDL 2326, hereby moves the Court for entry of an Order to aid in the efficient processing and administration of a Confidential Master Settlement Agreement (the "Settlement Agreement") between Eiland and Boston Scientific Corp. ("Boston Scientific") (Eiland and Boston Scientific, together, the "Parties") to resolve the claims of certain claimants against Boston Scientific relating to Boston Scientific Pelvic Repair Products (as defined in the Settlement Agreement).[1] Boston Scientific does not oppose the motion.

This Motion seeks an Order (1) approving the Eiland BSC Escrow Agreement ("Escrow Agreement"), attached hereto as Exhibit A, which forms a settlement escrow account named the Eiland BSC Settlement Escrow Account ("Settlement Escrow") pursuant to the terms of the Settlement Agreement, (2) retaining continuing jurisdiction and supervision over the Settlement Escrow, and (3) determining that the Settlement Escrow, including any subaccounts thereof ("Accounts"), together constitute a single "qualified settlement fund" within the meaning of

---

[1] The Settlement Agreement is not being filed with the Court because it contains confidential terms. Disclosure of such confidential information concerning the terms of the settlement would not be consistent with this Court's stated goal of achieving a resolution of claims in this MDL through confidential negotiation and settlement.

section 468B of the Internal Revenue Code of 1986, as amended ("Code") and Treasury Regulation sections 1.468B-1, *et. seq*. ("Regulations").

The Parties have agreed to establish the Settlement Escrow as a "qualified settlement fund" under the Code, subject to Court approval. The exact allocation among and distribution to covered claimants, or any other persons or entities asserting a claim of subrogation or reimbursement, has not been finalized at this time. Payment by Boston Scientific of the required confidential settlement amount into a qualified settlement fund will afford Eiland and the Special Master time to determine appropriate distribution amounts among participating claimants as well to identify and resolve liens and/or subrogation rights, while knowing that funds are available and held by a third party. The Court should approve the establishment of the Settlement Escrow as in the best interest of the Parties and the claimants covered by the settlement. In particular, the establishment of the Settlement Escrow as a "qualified settlement fund" under the Code and Regulations, subject to the Court's continuing jurisdiction, is vital to the satisfaction of the objectives of the Settlement Agreement. Without approval by, and continuing jurisdiction of the Court, the Settlement Escrow would not satisfy the requirements of the section 1.468B-1(c)(1) of the Regulations, which requires that a qualified settlement fund be "established pursuant to an order of, or is approved by, the United States, any state (including the District of Columbia) territory, possession, or political subdivision thereof, or any agency or instrumentality (including a court of law) … and is subject to the continuing jurisdiction of that governmental authority."

The Settlement escrow will qualify as "qualified settlement fund" under section 468B of the Code and sections 1.468B-1, *et. seq.* of the Regulations, as: (1) the Settlement Escrow is being established subject to approval of the Court, and will be operated pursuant to the terms and conditions of the Escrow Agreement; (2) the Settlement Escrow will be subject to the continuing jurisdiction and supervision of the Court; (3) the Settlement Escrow is being established to resolve

or satisfy claims of alleged tort or violation of law arising out of implantation of one or more Pelvic Repair Products as defined in the Settlement Agreement; and (4) the Settlement Escrow will be an escrow account, and its assets will be segregated from the general assets of the transferor and deposited therein.

The Parties have agreed to Amegy Bank, a division of Zions Corp, N.A., a federally insured depository institution doing business in Texas, as the escrow agent of the Settlement Escrow (the "Escrow Agent"), and The Settlement Alliance LLC as the administrator of the Settlement Escrow Account (the "Administrator"), pursuant to the terms of the Escrow Agreement to administer the Escrow Account as a "qualified settlement fund" within the meaning of section 1.468B-2(k)(3) of the Regulations. The Escrow Agent and Administrator have approved the terms of the Escrow Agreement. The funds held by the Escrow Agent in the Settlement Escrow shall be disbursed by the Escrow Agent only pursuant to and in conformance with the terms of the Escrow Agreement and the Settlement Agreement, which also include provisions for payments into the MDL 2326 Fund.

Eiland states that it has conferred with counsel for Boston Scientific, and counsel for Boston Scientific have authorized Eiland to represent that Boston Scientific consents to the granting of this motion.

CONCLUSION

For the reasons stated above, Eiland respectfully requests that the Court approve establishment of the Settlement Escrow as a qualified settlement fund and enter an Order in the form submitted herewith.

Respectfully submitted,

**The Law Offices of A. Craig Eiland, PC**

/s/ A. Craig Eiland
A. Craig Eiland
Texas Bar No. 06502380
Bret Stanley
Texas Bar No. 24075116
2211 The Strand, Suite 201
Galveston, Texas 77550
Ph:   409-763-3260
Fax: 409-763-8154

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I certify that on March 29, 2018 I filed the foregoing through the Court's electronic case filing system and all attorneys of record were served electronically.

/s/ A. Craig Eiland
**A. Craig Eiland**