IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: BOSTON SCIENTIFIC CORP.
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                                   MDL No. 2326

---

THIS DOCUMENT RELATES TO THE CASES ON THE ATTACHED EXHIBIT A

MEMORANDUM OPINION AND ORDER
(*Daubert* Motion re: Dr. Jerry Blaivas, M.D.)

Pending in *In re Boston Scientific Corp.*, No. 2:12-md-2326, MDL 2326, is the Defendant's Motion to Exclude the Opinions and Testimony of Jerry Blaivas, M.D. filed by Boston Scientific Corporation ("BSC"). [ECF No. 4822]. The Motion is now ripe for consideration because the briefing is complete. As set forth below, BSC's Motion is **GRANTED**.

I.      Background

This group of cases resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation ("MDL") concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the six remaining MDLs, there are more than 17,000 cases currently pending, approximately 3800 of which are in the BSC MDL, MDL No. 2326.

In an effort to manage the massive BSC MDL efficiently and effectively, I decided to conduct pretrial discovery and motions practice on an individualized basis. To this end, I selected certain cases to become part of a "wave" of cases to be prepared for trial and, if necessary, remanded.

Upon the creation of a wave, I enter a docket control order subjecting each active case in the wave to the same scheduling deadlines, rules regarding motion practice, and limitations on discovery. *See, e.g.*, Pretrial Order ("PTO") # 165, *In re Bos. Sci. Corp. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-02326, June 21, 2017, http://www.wvsd.uscourts.gov/MDL/boston/orders.html. Included among the discovery rules imposed by the court is the obligation of the parties to file *Daubert* motions seeking to limit or exclude the testimony of general causation experts in the main MDL, MDL 2326.

## II. Legal Standard

Under Federal Rule of Evidence 702, expert testimony is admissible if it will "help the trier of fact to understand the evidence or to determine a fact in issue" and (1) is "based upon sufficient facts or data" and (2) is "the product of reliable principles and methods," which (3) has been reliably applied "to the facts of the case." Fed. R. Evid. 702. A two-part test governs the admissibility of expert testimony. The evidence is admitted if it "rests on a reliable foundation and is relevant." *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 597 (1993). The proponent of expert testimony does not have the burden to "prove" anything. However, he or she must "come forward with evidence from which the court can determine that the proffered testimony is properly admissible." *Md. Cas. Co. v. Therm-O-Disc, Inc.*, 137 F.3d 780, 783 (4th Cir. 1998).

The district court's role as gatekeeper is an important one. "[E]xpert witnesses have the potential to be both powerful and quite misleading"; the court must "ensure that any and all scientific testimony . . . is not only relevant, but reliable." *Cooper v.*

*Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001) (citing *Daubert*, 509 U.S. at 588, 595; *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999)). I "need not determine that the proffered expert testimony is irrefutable or certainly correct. As with all other admissible evidence, expert testimony is subject to testing by '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.'" *United States v. Moreland*, 437 F.3d 424, 431 (4th Cir. 2006) (alteration in original) (citation omitted) (quoting *Daubert*, 509 U.S. at 596); *see also Md. Cas. Co.*, 137 F.3d at 783 ("All *Daubert* demands is that the trial judge make a 'preliminary assessment' of whether the proffered testimony is both reliable . . . and helpful.").

*Daubert* mentions specific factors to guide the overall relevance and reliability determinations that apply to all expert evidence. They include (1) whether the particular scientific theory "can be (and has been) tested"; (2) whether the theory "has been subjected to peer review and publication"; (3) the "known or potential rate of error"; (4) the "existence and maintenance of standards controlling the technique's operation"; and (5) whether the technique has achieved "general acceptance" in the relevant scientific or expert community. *United States v. Crisp*, 324 F.3d 261, 266 (4th Cir. 2003) (quoting *Daubert*, 509 U.S. at 593-94).

Despite these factors, "[t]he inquiry to be undertaken by the district court is 'a flexible one' focusing on the 'principles and methodology' employed by the expert, not on the conclusions reached." *Westberry*, 178 F.3d at 261 (quoting *Daubert*, 509 U.S. at 594-95); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) ("We

agree with the Solicitor General that '[t]he factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony.'" (alteration in original)); *see also Crisp*, 324 F.3d at 266 (noting "that testing of reliability should be flexible and that *Daubert*'s five factors neither necessarily nor exclusively apply to every expert").

With respect to relevancy, *Daubert* also explains:

> Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful. The consideration has been aptly described by Judge Becker as one of "fit." "Fit" is not always obvious, and scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes. . . . Rule 702's "helpfulness" standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility.

*Daubert*, 509 U.S. at 591-92 (citations and internal quotation marks omitted).

### III. Analysis

Dr. Blaivas is a practicing pelvic surgeon and urologist.

#### 1. Safety of Polypropylene Mid-Urethral Slings in the Treatment of SUI

BSC challenges Dr. Blaivas's opinion that polypropylene mid-urethral slings are not safe in the treatment of SUI. In reaching this opinion, Dr. Blaivas applied standards different than those he applies in his medical practice. In his deposition, Dr. Blaivas was confronted with a statement he had previously made in a peer-reviewed article that contradicts his safety opinion proffered in this case. Dr. Blaivas explains that "I phrase my words differently in the peer-reviewed literature than I do in the legal literature because it's two different sets of rules." Blaivas Dep. 391:20–

4

24, Dec. 15, 2014. He states, "I can offer a different opinion with a reasonable degree of medical certainty than I can in the peer-reviewed literature which requires, in my judgment, a higher degree of certainty than a reasonable degree." *Id.* at 391:14–19.

The above deposition testimony plainly reveals that Dr. Blaivas employed less intellectual rigor in forming this opinion as an expert witness than he employs when writing studies in his field. Such admission renders Dr. Blaivas's methodology unreliable. As a result, Dr. Blaivas's opinion on the safety of polypropylene mid-urethral slings in the treatment of SUI is **EXCLUDED**. BSC's Motion with respect to this opinion is **GRANTED**.

### 2. Design of Polypropylene Mesh Slings

Next, BSC challenges Dr. Blaivas's opinion on the design of polypropylene mesh slings. I agree with BSC that Dr. Blaivas lacks qualifications to be deemed an expert in the design of a medical device. The plaintiffs contend that Dr. Blaivas's surgical experience with similar slings renders him qualified. This experience alone, however, insufficiently establishes his design qualifications. Thus, his opinions related to product design are **EXCLUDED**. BSC's Motion on this point is **GRANTED**.

### 3. Opinions Outside the Expert's Area of Expertise

BSC argues that Dr. Blaivas seeks to offer the following opinions that are outside his area of expertise: mesh shrinkage and degradation; that polypropylene mesh was never intended to be implanted inside the human body; and what information should be included on a Directions for Use ("DFU"). Above, I excluded Dr. Blaivas's opinion that polypropylene mid-urethral slings are not safe in the

treatment of SUI on reliability grounds. Therefore, I need not address Dr. Blaivas's qualifications on shrinkage and degradation.

As for the other opinions, BSC seeks to exclude Dr. Blaivas's opinion that the polypropylene mesh used in the Obtryx, Obtryx Curved, and Obtryx Halo was never meant to be implanted inside the human body per the MSDS, and his opinion on the adequacy of the relevant DFU. The plaintiffs fail to respond to these arguments, and I decline to raise counterarguments on the plaintiffs' behalf. Thus, these opinions are **EXCLUDED**. BSC's Motion with respect to these opinions is **GRANTED**.

### 4. Legal Conclusions

Next, BSC contends that Dr. Blaivas seeks to offer testimony constituting various legal opinions. Throughout these MDLs, the court has prohibited the parties from using experts to usurp the jury's fact-finding function by allowing testimony of this type, and I do the same here. *See, e.g.*, *In re C. R. Bard, Inc.*, 948 F. Supp. 2d 589, 611 (S.D. W. Va. 2013); *see also, e.g.*, *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006) ("[O]pinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible."). Additionally, an expert may not offer expert testimony using "legal terms of art," such as "defective," "unreasonably dangerous," or "proximate cause." *See Perez v. Townsend Eng'g Co.*, 562 F. Supp. 2d 647, 652 (M.D. Pa. 2008). Thus, to the extent that Dr. Blaivas's opinions constitute legal conclusions, those opinions are **EXCLUDED**. BSC's Motion is **GRANTED** on this point.

5. BSC's Knowledge or State of Mind

Finally, BSC argues that I should preclude Dr. Blaivas from testifying as to BSC's knowledge or state of mind. I agree; experts may not testify about what other parties did or did not know. However, to the extent BSC seeks to exclude Dr. Blaivas's testimony about factual issues or the knowledge of the medical community in general, I disagree. Expert witnesses may properly offer opinions on these topics. Therefore, BSC's Motion is **GRANTED** to the extent that it seeks to exclude evidence regarding BSC's knowledge or intent.

## IV. Conclusion

To summarize, BSC's *Daubert* Motion concerning Dr. Blaivas [ECF No. 4822] is **GRANTED**.

The court **DIRECTS** the Clerk to file a copy of this Memorandum Opinion and Order in 2:12-md-2326 and all individual cases listed on the attached Exhibit A. The court further **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 29, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

| Case Number | Case Name |
|---|---|
| 2:17-cv-00047 | Long v. Boston Scientific Corporation |
| 2:17-cv-00049 | Parker et al v. Boston Scientific Corporation |
| 2:17-cv-00294 | Grigg v. Boston Scientific Corporation |
| 2:17-cv-00304 | Martinez v. Boston Scientific Corporation |
| 2:17-cv-00307 | Michael v. Boston Scientific Corporation |
| 2:17-cv-00314 | Newton v. Boston Scientific Corporation |
| 2:17-cv-00315 | Norris v. Boston Scientific Corporation |
| 2:17-cv-00317 | Norris v. Boston Scientific Corporation |
| 2:17-cv-00318 | Osborn v. Boston Scientific Corporation |
| 2:17-cv-00325 | Pick v. Boston Scientific Corporation |
| 2:17-cv-00528 | Sustaita v. Boston Scientific Corporation |
| 2:17-cv-00534 | Notestine v. Boston Scientific Corporation |
| 2:17-cv-00536 | Sutiff v. Boston Scientific Corporation |
| 2:17-cv-00568 | Mahnke v. Boston Scientific Corporation |
| 2:17-cv-00701 | Babcock v. Boston Scientific Corporation |
| 2:17-cv-01074 | Dembski v. Boston Scientific Corporation |
| 2:17-cv-01098 | Zeiter v. Boston Scientific Corporation |

| | |
|---|---|
| 2:17-cv-01109 | Herbert et al v. Boston Scientific Corporation |
| 2:17-cv-01241 | Tigner v. Boston Scientific Corporation |
| 2:17-cv-01242 | Evans v. Boston Scientific Corporation |
| 2:17-cv-01243 | Brown v. Boston Scientific Corporation |
| 2:17-cv-01837 | Allen v. Boston Scientific Corporation |
| 2:17-cv-01845 | Shiflet v. Boston Scientific Corporation |
| 2:17-cv-01862 | Faso et al v. Boston Scientific Corporation |
| 2:17-cv-01900 | Hauff et al v. Boston Scientific Corporation |
| 2:17-cv-01925 | Skalniak et al v. Boston Scientific Corporation |
| 2:17-cv-01932 | Peach v. Boston Scientific Corporation |
| 2:17-cv-01938 | Schroder v. Boston Scientific Corporation |
| 2:17-cv-01939 | Price v. Boston Scientific Corporation |
| 2:17-cv-01940 | Conley v. Boston Scientific Corporation |
| 2:17-cv-01959 | Lowrie v. Boston Scientific Corporation |
| 2:17-cv-01977 | Hardwick v. Boston Scientific Corporation |
| 2:17-cv-01979 | Dunford et al v. Boston Scientific Corporation |
| 2:17-cv-01990 | Hill-Sober et al v. Boston Scientific Corporation |
| 2:17-cv-01996 | Benson v. Boston Scientific Corporation |

| | |
|---|---|
| 2:17-cv-02093 | Pamensky Murray v. Boston Scientific Corporation |
| 2:17-cv-02106 | Wilson v. Boston Scientific Corporation |
| 2:17-cv-02107 | Ross v. Boston Scientific Corporation |
| 2:17-cv-02110 | Clark v. Boston Scientific Corporation |
| 2:17-cv-02111 | Busby v. Boston Scientific Corporation |
| 2:17-cv-02202 | Atwood v. Boston Scientific Corporation |
| 2:17-cv-02243 | Alvarado v. Boston Scientific Corporation |
| 2:17-cv-02244 | Speed v. Boston Scientific Corporation |
| 2:17-cv-02416 | Palmer v. Boston Scientific Corporation |
| 2:17-cv-02417 | Masterson v. Boston Scientific Corporation |
| 2:17-cv-02443 | Allex v. Boston Scientific Corporation |
| 2:17-cv-02446 | Blalock v. Boston Scientific Corporation |
| 2:17-cv-02447 | Casale v. Boston Scientific Corporation |
| 2:17-cv-02448 | Clark v. Boston Scientific Corporation |
| 2:17-cv-02449 | Cole v. Boston Scientific Corporation |
| 2:17-cv-02450 | Wallace v. Boston Scientific Corporation |
| 2:17-cv-02459 | Mallory v. Boston Scientific Corporation |
| 2:17-cv-02461 | Martin v. Boston Scientific Corporation |

| | |
|---|---|
| 2:17-cv-02462 | McSween v. Boston Scientific Corporation |
| 2:17-cv-02467 | Melrose v. Boston Scientific Corporation |
| 2:17-cv-02470 | Porter v. Boston Scientific Corporation |
| 2:17-cv-02471 | McFalls v. Boston Scientific Corporation |
| 2:17-cv-02477 | Pouncy v. Boston Scientific Corporation |
| 2:17-cv-02481 | Shepard v. Boston Scientific Corporation |
| 2:17-cv-02483 | Smith v. Boston Scientific Corporation |
| 2:17-cv-02486 | Daniell v. Boston Scientific Corporation |
| 2:17-cv-02505 | Cutlip v. Boston Scientific Corporation |
| 2:17-cv-02508 | Jeter v. Boston Scientific Corporation |
| 2:17-cv-02524 | Murphy v. Boston Scientific Corporation |
| 2:17-cv-02525 | Price v. Boston Scientific Corporation |
| 2:17-cv-02527 | Roark v. Boston Scientific Corporation |
| 2:17-cv-02528 | Saldivar v. Boston Scientific Corporation |
| 2:17-cv-02531 | Smith v. Boston Scientific Corporation |
| 2:17-cv-02533 | Southwood v. Boston Scientific Corporation |
| 2:17-cv-02551 | Solomon v. Boston Scientific Corporation |
| 2:17-cv-02553 | Spencer v. Boston Scientific Corporation |

| | |
|---|---|
| 2:17-cv-02554 | Stark v. Boston Scientific Corporation |
| 2:17-cv-02562 | Vincent v. Boston Scientific Corporation |
| 2:17-cv-02566 | Walker v. Boston Scientific Corporation |
| 2:17-cv-02568 | Welsh v. Boston Scientific Corporation |
| 2:17-cv-02571 | Wittenborn v. Boston Scientific Corporation |
| 2:17-cv-02588 | Adams v. Boston Scientific Corporation |
| 2:17-cv-02589 | Barnett v. Boston Scientific Corporation |
| 2:17-cv-02590 | Childress v. Boston Scientific Corporation |
| 2:17-cv-02592 | Dickeson v. Boston Scientific Corporation |
| 2:17-cv-02596 | McFolling v. Boston Scientific Corporation |
| 2:17-cv-02597 | Morgan v. Boston Scientific Corporation |
| 2:17-cv-02598 | Reid v. Boston Scientific Corporation |
| 2:17-cv-02599 | Reyes v. Boston Scientific Corporation |
| 2:17-cv-02600 | Rinaldi v. Boston Scientific Corporation |
| 2:17-cv-02601 | Woodard v. Boston Scientific Corporation |
| 2:17-cv-02633 | Pierson et al v. Boston Scientific Corporation |
| 2:17-cv-02636 | Walseth v. Boston Scientific Corporation |
| 2:17-cv-02638 | Buttke v. Boston Scientific Corporation |

| | |
|---|---|
| 2:17-cv-02641 | Harrison-Hood v. Boston Scientific Corporation |
| 2:17-cv-02646 | Gottfreid v. Boston Scientific Corporation |
| 2:17-cv-02730 | Black v. Boston Scientific Corporation |
| 2:17-cv-02734 | Henjum v. Boston Scientific Corporation |
| 2:17-cv-02738 | Martin v. Boston Scientific Corporation |
| 2:17-cv-02739 | Martinez v. Boston Scientific Corporation |
| 2:17-cv-02742 | Morales v. Boston Scientific Corporation |
| 2:17-cv-02745 | Shaw v. Boston Scientific Corporation |
| 2:17-cv-02787 | Stapf v. Boston Scientific Corporation |