IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: BOSTON SCIENTIFIC CORP.
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                    MDL No. 2326

---

THIS DOCUMENT RELATES TO THE CASES ON THE ATTACHED EXHIBIT A

MEMORANDUM OPINION AND ORDER
(*Daubert* Motion re: Dr. Michael Margolis, M.D.)

Pending in *In re Boston Scientific Corp.*, No. 2:12-md-2326, MDL 2326, is the Defendant's Motion to Exclude the Opinions and Testimony of Michael Thomas Margolis, M.D. filed by Boston Scientific Corporation ("BSC"). [ECF No. 4804]. The Motion is now ripe for consideration because the briefing is complete. As set forth below, BSC's Motion is **GRANTED in part** and **DENIED as moot in part**.

I.  Background

This group of cases resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation ("MDL") concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the six remaining MDLs, there are more than 17,000 cases currently pending, approximately 3800 of which are in the BSC MDL, MDL No. 2326.

In an effort to manage the massive BSC MDL efficiently and effectively, I decided to conduct pretrial discovery and motions practice on an individualized basis. To this end, I selected certain cases to become part of a "wave" of cases to be prepared for trial and, if necessary, remanded.

Upon the creation of a wave, I enter a docket control order subjecting each active case in the wave to the same scheduling deadlines, rules regarding motion practice, and limitations on discovery. *See, e.g.*, Pretrial Order ("PTO") # 165, *In re Bos. Sci. Corp. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-02326, June 21, 2017, http://www.wvsd.uscourts.gov/MDL/boston/orders.html. Included among the discovery rules imposed by the court is the obligation of the parties to file *Daubert* motions seeking to limit or exclude the testimony of general causation experts in the main MDL, MDL 2326.

## II. Legal Standard

Under Federal Rule of Evidence 702, expert testimony is admissible if it will "help the trier of fact to understand the evidence or to determine a fact in issue" and (1) is "based upon sufficient facts or data" and (2) is "the product of reliable principles and methods," which (3) has been reliably applied "to the facts of the case." Fed. R. Evid. 702. A two-part test governs the admissibility of expert testimony. The evidence is admitted if it "rests on a reliable foundation and is relevant." *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 597 (1993). The proponent of expert testimony does not have the burden to "prove" anything. However, he or she must "come forward with evidence from which the court can determine that the proffered testimony is properly admissible." *Md. Cas. Co. v. Therm-O-Disc, Inc.*, 137 F.3d 780, 783 (4th Cir. 1998).

The district court's role as gatekeeper is an important one. "[E]xpert witnesses have the potential to be both powerful and quite misleading"; the court must "ensure that any and all scientific testimony . . . is not only relevant, but reliable." *Cooper v.*

*Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001) (citing *Daubert*, 509 U.S. at 588, 595; *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999)). I "need not determine that the proffered expert testimony is irrefutable or certainly correct. As with all other admissible evidence, expert testimony is subject to testing by '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.'" *United States v. Moreland*, 437 F.3d 424, 431 (4th Cir. 2006) (alteration in original) (citation omitted) (quoting *Daubert*, 509 U.S. at 596); *see also Md. Cas. Co.*, 137 F.3d at 783 ("All *Daubert* demands is that the trial judge make a 'preliminary assessment' of whether the proffered testimony is both reliable . . . and helpful.").

*Daubert* mentions specific factors to guide the overall relevance and reliability determinations that apply to all expert evidence. They include (1) whether the particular scientific theory "can be (and has been) tested"; (2) whether the theory "has been subjected to peer review and publication"; (3) the "known or potential rate of error"; (4) the "existence and maintenance of standards controlling the technique's operation"; and (5) whether the technique has achieved "general acceptance" in the relevant scientific or expert community. *United States v. Crisp*, 324 F.3d 261, 266 (4th Cir. 2003) (quoting *Daubert*, 509 U.S. at 593-94).

Despite these factors, "[t]he inquiry to be undertaken by the district court is 'a flexible one' focusing on the 'principles and methodology' employed by the expert, not on the conclusions reached." *Westberry*, 178 F.3d at 261 (quoting *Daubert*, 509 U.S. at 594-95); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) ("We

agree with the Solicitor General that '[t]he factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony.'" (alteration in original)); *see also Crisp*, 324 F.3d at 266 (noting "that testing of reliability should be flexible and that *Daubert*'s five factors neither necessarily nor exclusively apply to every expert").

With respect to relevancy, *Daubert* also explains:

> Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful. The consideration has been aptly described by Judge Becker as one of "fit." "Fit" is not always obvious, and scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes. . . . Rule 702's "helpfulness" standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility.

*Daubert*, 509 U.S. at 591-92 (citations and internal quotation marks omitted).

### III. Analysis

Dr. Margolis is a pelvic floor surgeon and urogynecologist who is board-certified in Female Pelvic Medicine and Reconstructive Surgery.

#### 1. Failure to Consider Scientific Literature

*First*, BSC challenges Dr. Margolis's opinion that the complication rate of pain in women with polypropylene mesh and slings is greater than fifty percent. In his deposition, Dr. Margolis acknowledges that contrary studies exist, and I do not doubt that Dr. Margolis reviewed contrary studies. However, his methodology may be flawed if he does not provide an adequate explanation for why he disagrees with those studies. There is no such explanation in this case. Therefore, Dr. Margolis's opinion

4

that more than fifty percent of women implanted with polypropylene mesh experience pain is **EXCLUDED** as unreliable. This aspect of BSC's Motion is **GRANTED**.

*Second*, BSC challenges Dr. Margolis's general opinions that complications in women with polypropylene mesh products are high. Dr. Margolis explains that, when forming his opinion about the complication rates of a medical procedure, he gives the benefit of the doubt to the patient. In other words, he assumes the worst-case scenario and errs on the side of opining as to a higher complication rate to better protect a patient. This is not a reliable, scientific basis for determining the complication rates associated with a mesh device. The plaintiffs have failed to demonstrate that Dr. Margolis has sufficient scientific support to opine as to these generalized statements. Therefore, this testimony is **EXCLUDED**, and this part of BSC's Motion is **GRANTED**.

2. **Lack of Scientific Basis**

BSC also argues that Dr. Margolis failed to provide any scientific basis for his other opinions. The plaintiffs respond to this argument generally by describing Dr. Margolis's qualifications as a pelvic-floor reconstructive surgeon, but do not explain the basis for Dr. Margolis's challenged opinions. Thus, the plaintiffs have not "come forward with evidence from which the court can determine that the proffered testimony is properly admissible." *Md. Cas. Co.*, 137 F.3d at 783. Therefore, the following opinions from Dr. Margolis are **EXCLUDED**: (1) that Xenform slings are more effective than polypropylene slings; (2) that the infection rate of polypropylene mesh is up to one hundred percent; (3) that the complication rate of urethral

5

obstruction is greater than ten percent with polypropylene mid-urethral slings; and (4) that he has removed ten to fifteen percent of BSC products. These portions of BSC's Motion are **GRANTED**.

The only challenged opinion to which the plaintiffs substantively respond is that the Burch procedure is more effective than polypropylene mesh slings. The plaintiffs claim that "multiple text books and articles state the Burch is a gold standard SUI treatment," and cite to three sources as examples. The plaintiffs then claim that these "facts and data" form the basis of Dr. Margolis's opinion, in addition to his personal experience. However, the three sources cited by the plaintiffs are not listed in Dr. Margolis's expert report as sources on which he relied, and the plaintiffs provide no support for their assertion that these "facts and data" form the basis of Dr. Margolis's opinion regarding the Burch procedure. Therefore, this opinion is also **EXCLUDED**, and BSC's Motion on this point is **GRANTED**.

3. Expertise

BSC argues that Dr. Margolis offers opinions outside the scope of his qualifications on (1) biomaterials; (2) polypropylene degradation; (3) foreign body reaction; (4) adequate pore size; (5) adequate weight of polypropylene; (6) biocompatibility of polypropylene; (7) medical device design and development; and/or (8) marketing. The plaintiffs concede that Dr. Margolis will be instructed to limit his testimony to avoid discussing these matters that fall outside of his expertise. Therefore, BSC's Motion on this point is **DENIED as moot**.

### 4. BSC's Knowledge or Intent

BSC argues that I should preclude Dr. Margolis from testifying as to BSC's knowledge or state of mind. I agree; experts may not testify about what other parties did or did not know. However, to the extent BSC seeks to exclude Dr. Margolis's testimony about factual issues or the knowledge of the medical community in general, I disagree. Expert witnesses may properly offer opinions on these topics. Therefore, BSC's Motion is **GRANTED** to the extent that it seeks to exclude evidence regarding BSC's knowledge or intent.

### 5. Undisclosed Opinions

Finally, BSC argues that Dr. Margolis seeks to offer opinions that were not disclosed in his expert report and that Dr. Margolis seeks to discuss materials that were not cited to in his expert report. Testimony on direct examination using such undisclosed sources as support for his opinions is **EXCLUDED** on Rule 26 grounds. Therefore, I find that this aspect of BSC's motion is **GRANTED**.

## IV. Conclusion

To summarize, I **GRANT in part** and **DENY as moot in part** BSC's *Daubert* motion concerning Dr. Margolis. [ECF No. 4804].

The court **DIRECTS** the Clerk to file a copy of this Memorandum Opinion and Order in 2:12-md-2326, and all individual cases listed on the attached Exhibit A. The court further **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 29, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

| Case Number | Case Name |
| --- | --- |
| 2:17-cv-00047 | Long v. Boston Scientific Corporation |
| 2:17-cv-00049 | Parker et al v. Boston Scientific Corporation |
| 2:17-cv-00294 | Grigg v. Boston Scientific Corporation |
| 2:17-cv-00304 | Martinez v. Boston Scientific Corporation |
| 2:17-cv-00307 | Michael v. Boston Scientific Corporation |
| 2:17-cv-00314 | Newton v. Boston Scientific Corporation |
| 2:17-cv-00315 | Norris v. Boston Scientific Corporation |
| 2:17-cv-00317 | Norris v. Boston Scientific Corporation |
| 2:17-cv-00318 | Osborn v. Boston Scientific Corporation |
| 2:17-cv-00325 | Pick v. Boston Scientific Corporation |
| 2:17-cv-00528 | Sustaita v. Boston Scientific Corporation |
| 2:17-cv-00534 | Notestine v. Boston Scientific Corporation |
| 2:17-cv-00536 | Sutiff v. Boston Scientific Corporation |
| 2:17-cv-00568 | Mahnke v. Boston Scientific Corporation |
| 2:17-cv-00701 | Babcock v. Boston Scientific Corporation |
| 2:17-cv-01074 | Dembski v. Boston Scientific Corporation |
| 2:17-cv-01098 | Zeiter v. Boston Scientific Corporation |

| | |
|---|---|
| 2:17-cv-01109 | Herbert et al v. Boston Scientific Corporation |
| 2:17-cv-01241 | Tigner v. Boston Scientific Corporation |
| 2:17-cv-01242 | Evans v. Boston Scientific Corporation |
| 2:17-cv-01243 | Brown v. Boston Scientific Corporation |
| 2:17-cv-01837 | Allen v. Boston Scientific Corporation |
| 2:17-cv-01845 | Shiflet v. Boston Scientific Corporation |
| 2:17-cv-01862 | Faso et al v. Boston Scientific Corporation |
| 2:17-cv-01900 | Hauff et al v. Boston Scientific Corporation |
| 2:17-cv-01925 | Skalniak et al v. Boston Scientific Corporation |
| 2:17-cv-01932 | Peach v. Boston Scientific Corporation |
| 2:17-cv-01938 | Schroder v. Boston Scientific Corporation |
| 2:17-cv-01939 | Price v. Boston Scientific Corporation |
| 2:17-cv-01940 | Conley v. Boston Scientific Corporation |
| 2:17-cv-01959 | Lowrie v. Boston Scientific Corporation |
| 2:17-cv-01977 | Hardwick v. Boston Scientific Corporation |
| 2:17-cv-01979 | Dunford et al v. Boston Scientific Corporation |
| 2:17-cv-01990 | Hill-Sober et al v. Boston Scientific Corporation |
| 2:17-cv-01996 | Benson v. Boston Scientific Corporation |

| | |
|---|---|
| 2:17-cv-02093 | Pamensky Murray v. Boston Scientific Corporation |
| 2:17-cv-02106 | Wilson v. Boston Scientific Corporation |
| 2:17-cv-02107 | Ross v. Boston Scientific Corporation |
| 2:17-cv-02110 | Clark v. Boston Scientific Corporation |
| 2:17-cv-02111 | Busby v. Boston Scientific Corporation |
| 2:17-cv-02202 | Atwood v. Boston Scientific Corporation |
| 2:17-cv-02243 | Alvarado v. Boston Scientific Corporation |
| 2:17-cv-02244 | Speed v. Boston Scientific Corporation |
| 2:17-cv-02416 | Palmer v. Boston Scientific Corporation |
| 2:17-cv-02417 | Masterson v. Boston Scientific Corporation |
| 2:17-cv-02443 | Allex v. Boston Scientific Corporation |
| 2:17-cv-02446 | Blalock v. Boston Scientific Corporation |
| 2:17-cv-02447 | Casale v. Boston Scientific Corporation |
| 2:17-cv-02448 | Clark v. Boston Scientific Corporation |
| 2:17-cv-02449 | Cole v. Boston Scientific Corporation |
| 2:17-cv-02450 | Wallace v. Boston Scientific Corporation |
| 2:17-cv-02459 | Mallory v. Boston Scientific Corporation |
| 2:17-cv-02461 | Martin v. Boston Scientific Corporation |

| | |
|---|---|
| 2:17-cv-02462 | McSween v. Boston Scientific Corporation |
| 2:17-cv-02467 | Melrose v. Boston Scientific Corporation |
| 2:17-cv-02470 | Porter v. Boston Scientific Corporation |
| 2:17-cv-02471 | McFalls v. Boston Scientific Corporation |
| 2:17-cv-02477 | Pouncy v. Boston Scientific Corporation |
| 2:17-cv-02481 | Shepard v. Boston Scientific Corporation |
| 2:17-cv-02483 | Smith v. Boston Scientific Corporation |
| 2:17-cv-02486 | Daniell v. Boston Scientific Corporation |
| 2:17-cv-02505 | Cutlip v. Boston Scientific Corporation |
| 2:17-cv-02508 | Jeter v. Boston Scientific Corporation |
| 2:17-cv-02524 | Murphy v. Boston Scientific Corporation |
| 2:17-cv-02525 | Price v. Boston Scientific Corporation |
| 2:17-cv-02527 | Roark v. Boston Scientific Corporation |
| 2:17-cv-02528 | Saldivar v. Boston Scientific Corporation |
| 2:17-cv-02531 | Smith v. Boston Scientific Corporation |
| 2:17-cv-02533 | Southwood v. Boston Scientific Corporation |
| 2:17-cv-02551 | Solomon v. Boston Scientific Corporation |
| 2:17-cv-02553 | Spencer v. Boston Scientific Corporation |

| | |
|---|---|
| 2:17-cv-02554 | Stark v. Boston Scientific Corporation |
| 2:17-cv-02562 | Vincent v. Boston Scientific Corporation |
| 2:17-cv-02566 | Walker v. Boston Scientific Corporation |
| 2:17-cv-02568 | Welsh v. Boston Scientific Corporation |
| 2:17-cv-02571 | Wittenborn v. Boston Scientific Corporation |
| 2:17-cv-02588 | Adams v. Boston Scientific Corporation |
| 2:17-cv-02589 | Barnett v. Boston Scientific Corporation |
| 2:17-cv-02590 | Childress v. Boston Scientific Corporation |
| 2:17-cv-02592 | Dickeson v. Boston Scientific Corporation |
| 2:17-cv-02596 | McFolling v. Boston Scientific Corporation |
| 2:17-cv-02597 | Morgan v. Boston Scientific Corporation |
| 2:17-cv-02598 | Reid v. Boston Scientific Corporation |
| 2:17-cv-02599 | Reyes v. Boston Scientific Corporation |
| 2:17-cv-02600 | Rinaldi v. Boston Scientific Corporation |
| 2:17-cv-02601 | Woodard v. Boston Scientific Corporation |
| 2:17-cv-02633 | Pierson et al v. Boston Scientific Corporation |
| 2:17-cv-02636 | Walseth v. Boston Scientific Corporation |
| 2:17-cv-02638 | Buttke v. Boston Scientific Corporation |

| | |
|---|---|
| 2:17-cv-02641 | Harrison-Hood v. Boston Scientific Corporation |
| 2:17-cv-02646 | Gottfreid v. Boston Scientific Corporation |
| 2:17-cv-02730 | Black v. Boston Scientific Corporation |
| 2:17-cv-02734 | Henjum v. Boston Scientific Corporation |
| 2:17-cv-02738 | Martin v. Boston Scientific Corporation |
| 2:17-cv-02739 | Martinez v. Boston Scientific Corporation |
| 2:17-cv-02742 | Morales v. Boston Scientific Corporation |
| 2:17-cv-02745 | Shaw v. Boston Scientific Corporation |
| 2:17-cv-02787 | Stapf v. Boston Scientific Corporation |