IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: BOSTON SCIENTIFIC CORPORATION
      PELVIC SUPPORT SYSTEMS
      PRODUCTS LIABILITY LITIGATION

MDL 2326

THIS DOCUMENT RELATES TO THE
CASE(S) IN EXHIBIT A ATTACHED HERETO

## MOTION TO COMPEL AND FOR SANCTIONS PURSUANT TO RULES 26 AND 37 OF THE FEDERAL RULES OF CIVIL PROCEDURE

COMES NOW, Plaintiffs identified in Exhibit A attached hereto, and for their Motion to Compel and for Sanctions, state and allege as follows:

1. This Court issued a Scheduling Order, PTO 187, which required Defendant to serve expert disclosures and reports, both general and case specific, by August 13, 2018. *See* PTO 187, at 2.

2. Defendant has filed Certificates of Service in each case indicated in Exhibit A, indicating that Defendant filed its Expert Disclosures on or about August 13, 2018. *See* one Certificate of Service, as an example, attached hereto as Exhibit B.

3. Defendants Expert Disclosures did not include the Case Specific Expert Reports as required under Fed.R.Civ.P 26, despite having certified serving the same on Plaintiffs' counsel.

4. Fed.R.Civ.P 26 states, in pertinent part:

(2) Disclosure of Expert Testimony.

(A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

5. Defendant's Counsel knows that they have failed to serve the Case Specific Expert Reports as required under Rule 26 (a)(2), and still has not complied with PTO 187

6. Plaintiff's Counsel has undertaken several efforts to obtain the Case Specific Expert Reports, to no avail. *See* correspondence from Plaintiffs' counsel to Defendant's counsel, attached hereto as Exhibit C.

7. Plaintiffs' counsel has received four (4) Case Specific Expert Reports that were served on a timely basis. The approximately 70 remaining Case Specific Expert reports for the cases identified in Exhibit A, have not been produced by Defendant.

8. The Certificates of Service indicating the delivery of the Expert Disclosures which necessarily include the Case Specific Expert Reports to Plaintiffs' counsel were filed to mislead Plaintiffs' counsel and this Court into the belief that Defendant had complied with PTO 187, which is an improper purpose.

9. Plaintiff's counsel has undertaken substantial time and resources in attempts to secure possession of the Case Specific Expert Reports, including the filing of this Motion.

10. Defendant's counsel has asserted in the Certificate of Service that the Expert Disclosures, which by rule must include the Case Specific Expert Reports, have been served on Plaintiffs' counsel, which statement is factually incorrect and wholly without merit or a good faith belief.

11. The signing and filing of the Certificates of Service indicating service of the Rule 26 Expert Disclosures constitutes contumacious behavior on the part of Defendant's counsel.

12. Pursuant to FRCP 37 (a)(3)(A) To Compel Disclosure. If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

13. Rule 37 further states in pertinent part:

    (c) FAILURE TO DISCLOSE, TO SUPPLEMENT AN EARLIER RESPONSE, OR TO ADMIT.

    (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

    (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

    (B) may inform the jury of the party's failure; and

    (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

13. The additional sanctions available under Rule 37 as identified above include:

    (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
    (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
    (iii) striking pleadings in whole or in part;
    (iv) staying further proceedings until the order is obeyed;
    (v) dismissing the action or proceeding in whole or in part;
    (vi) rendering a default judgment against the disobedient party

14. Plaintiffs' counsel has filed contemporaneously with this Motion their Memorandum in Support thereof.

**WHEREFORE**, Plaintiffs respectfully pray this Court to Compel Defendant to make and serve on Plaintiff's counsel the complete Expert Disclosures, including case specific expert reports, to impose sanctions pursuant to Rule 37 to compensate Plaintiffs for the violation by Defendant of Rule 26, to deter future litigation abuses, or in the alternative to prohibit Defendant from introducing expert testimony or evidence and to strike Defendant's pleadings and for such other and further relief as this Court deems just and proper.

Dated: September 10, 2018

**FLINT LAW FIRM, LLC**

Respectfully submitted,

By: /s/ Jacob A. Flint
Jacob A. Flint, IL Bar No. 6299777
Lisa N. Gentleman, MO Bar No. 40111
Andrew J. Feldman, IL Bar No. 6292797
Flint Law Firm, LLC.
222 E. Park St., Suite 500
Edwardsville, IL 62025
(618) 288-4777 Phone
(618) 288-2864 Fax
jflint@flintlaw.com
lgentleman@flintlaw.com
afeldman@flintlaw.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of September, 2018, I electronically filed the foregoing document with the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or by other means.

By: /s/ Jacob A. Flint
*Attorney for Plaintiff*